IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2954

TINA TEKANSIK,

    Plaintiff,

v.

FORMER SHERIFF AMY REYES, in her individual and official capacities,
BOARD OF COUNTY COMMISSIONERS, LAKE COUNTY, COLORADO,

    Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff Tina Tekansik, by and through her attorney David Lane, of KILLMER, LANE & NEWMAN, LLP, respectfully alleges for her Amended Complaint and Jury Demand as follows:

INTRODUCTION

1. Plaintiff Tina Tekansik was employed by Lake County's Sheriff's Department as a clerk and administrator. Her job was to review and set the budget for the Department. Ms. Tekansik was fired after she discovered possible fraud pertaining to overtime payments for various employees of the Department. The Sheriff's Department received a grant from the federal government for thousands of dollars and Plaintiff knew that the terms of the grant did not involve payments for overtime. In reviewing the 2021 budget Plaintiff noted a great deal of overtime and because the grant did not permit it, Ms. Tekansik began to dig into the issue. She began to question Sheriff Reyes about the line item in the budget and was then terminated, allegedly for "gossiping."

2. The terms of Plaintiff's employment did not mandate that she blow the whistle on her discovery of fraud in the 2022 budget. When she raised questions about the budget, she was terminated.

3. Ms. Tekansik files this lawsuit to vindicate her First Amendment rights.

## PARTIES

4. At all times pertinent to the subject matter of this litigation, Plaintiff Tina Tekansik was a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

5. Defendant Board of County Commissioners of Lake County (hereinafter "BOCC") is the legal name for Lake County, Colorado, pursuant to C.R.S. § 30-11-105, and is therefore a person for purposes of 42 U.S.C. § 1983.

6. At all times pertinent to the subject matter of this litigation, Defendant Amy Reyes was a citizen of the United States and resident of and domiciled in Colorado. At all times pertinent, Defendant Reyes was acting under color of state law in her capacity as Sheriff of Lake County. Defendant Reyes was responsible for supervising Plaintiff.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States, and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

8. Venue is proper in this District according to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and all Defendants reside in this District.

## FACTUAL ALLEGATIONS

9. Ms. Tekansik was hired as an administrator/clerk in January of 2019.

10. While employed by Lake County, Ms. Tekansik excelled at her job. Ms. Tekansik received several raises for her excellent work in exceeding expectations. Ms. Tekansik never received any complaints about her job either written or oral.

11. On September 29, 2021, Ms. Tekansik received an email from the County Finance office informing her that the 2021 budget was due by October 1st.

12. Ms. Tekansik began looking at the revenues and expenditures in the budget records and noticed the overtime budgeted was far in excess of what was authorized by the VOLCA grant.

13. Ms. Tekansik sent the Finance Officer an email asking for a breakdown of all employees who were receiving overtime.

14. When Plaintiff received the list, she noticed that there were two Victim's Advocates came who were receiving overtime.

15. Ms. Tekansik knew the VOCA grant did not offer overtime and if they worked overtime employees were to stagger their hours and take time off.

16. Despite her job not requiring her to monitor grants, Plaintiff brought this issue to the attention of the Sheriff who immediately began to retaliate against Ms. Tekansik for having raised this issue.

17. Ms. Tekansik was soon placed on paid administrative leave, and was shortly thereafter terminated.

18. The ostensible reason for the termination was essentially that she was creating a "toxic" workplace and gossiping about other employees. This was a pretext for the true reason

behind her termination which was that she began to raise the issue of a misuse of VOLCA grant funds by the Sheriff.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### First Amendment Violation – Freedom of Speech

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. Defendants acted under color of state law and within the course and scope of their employment at all times relevant to the allegations in this Amended Complaint.

21. Defendants are "persons" under 42 U.S.C. § 1983.

22. Plaintiff was engaged in First Amendment-protected expression on a matter of public concern by speaking with Defendant Sheriff.

23. Plaintiff's speech was not made pursuant to her official duties.

24. Plaintiff's speech was not disruptive and Lake County's interests did not outweigh Plaintiff's free speech interests.

25. Defendants would not have terminated Plaintiff if she had not engaged in First Amendment-protected conduct.

26. Defendants' termination of Plaintiff was substantially motivated by her First Amendment protected activity.

27. The actions of Defendants can be expected to chill a reasonable person from engaging in activity protected by the First Amendment.

28. Defendants' actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

29. Defendants, collectively, failed to intervene to prevent each Defendant from violating Plaintiff's constitutional rights.

30. At the time when Defendants retaliated against Plaintiff for speaking out, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to engage in the above-described activity. Any reasonable public official knew or should have known of this clearly established right. *See Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990).

31. Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

32. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

33. Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

34. Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment Free Speech –** *Monell Liability*
**(Plaintiff against Defendant BOCC)**

35. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

36. Defendant BOCC is a person within the meaning of 42 U.S.C. § 1983.

37. Plaintiff was engaged in First Amendment-protected expression on a matter of public concern by speaking with her supervisor, the Sheriff of Lake County.

38. Plaintiff's speech was not made pursuant to her official duties.

39. Plaintiff's speech was not disruptive and Lake County's interests did not outweigh Plaintiff's free speech interests.

40. Defendant BOCC would not have terminated Plaintiff if she had not engaged in First Amendment-protected conduct.

41. Defendant BOCC's termination of Plaintiff was substantially motivated by her First Amendment protected activity.

42. The actions of Defendant BOCC can be expected to chill a reasonable person from engaging in activity protected by the First Amendment.

43. Defendant BOCC's actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

44. Defendant BOCC engaged in its conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

45. Defendant former Sheriff has been delegated with final policymaking authority.

46. The actions of the Defendants were undertaken by final policymakers for Defendant BOCC.

47. The decisions of Defendant BOCC's through the Sheriff in her official capacity were final policymakers were the moving force behind Defendants' violation of Plaintiff's constitutional rights.

48. As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

49. Defendant BOCC's herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

50. Defendant BOCC's intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against each Defendant, and award him all relief allowed by law, including but not limited to the following:

A. All appropriate relief at law and equity;

B. Declaratory relief and other appropriate equitable relief;

C. Economic losses on all claims as allowed by law;

D. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

E. Punitive damages on all claims allowed by law and in an amount to be determined at trial;

F. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

G. Pre-and post-judgment interest at the lawful rate; and

  H. Any other appropriate relief at law and equity that this Court deems just and proper.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

DATED this 14th day of November 2022.

        KILLMER, LANE & NEWMAN, LLP

        */s/ David Lane*
        David Lane
        1543 Champa St., Ste. 400
        Denver, CO 80202
        Phone: (303) 571-1000
        Facsimile: (303) 571-1001
        dlane@kln-law.com
        COUNSEL FOR PLAINTIFF